OPINION OF THE COURT
F. Warren Travers, S.
In this contested probate proceeding, the contestant seeks the release and production of Social Security checks of the decedent, and other information concerning decedent’s Social Security income for a specified period.
*759 Contestant alleges that the information he seeks is material and necessary to the prosecution of the will contest. Contestant states that, among other things, the testimony of the primary beneficiary given at an examination before trial may be subject to impeachment as a result of the relief he now requests upon this motion.
The attorney for the contestant advises the court, in his affidavit in support of the motion, that he has tried unsuccessfully to obtain this information from the United States Department of Health, Education and Welfare. The latter will release the data only upon first receiving the consent of the preliminary executor to release the same.
A request for such consent has been made, but the preliminary executor, through his attorney, has refused to give consent.
The attorney for the preliminary executor concedes, for the limited purpose of this motion, that the information sought by the contestant is material and necessary to the prosecution of the will contest.
Additionally, no question of privilege, privacy or confidentiality has been raised.
Practice and procedure in the State of New York is governed by the CPLR and, more specifically, "The CPLR and other laws applicable to practice and procedure apply in the surrogate’s court except where other procedure is provided by this act.” (SCPA 102.)
CPLR 3101 provides that, "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action regardless of the burden of proof’.
CPLR 3120 provides a litigant with a device or procedure for obtaining that which is material and necessary to prosecute or defend the action.
CPLR 3120 permits a party, after commencement of an action, to serve a notice on any other party to produce and permit the party seeking discovery to inspect, copy, test or photograph certain documents or things "which are in the possession, custody or control of the party served”.
Where, as here, certain records or documents cannot be examined without the authorization of the fiduciary, and it is conceded that the information sought is material, necessary and not protected by claim of privilege or confidentiality, the court determines that for the purposes of this proceeding, the *760 information and documents sought are "under the control” of the fiduciary within the contemplation of CPLR 3120.
Preliminary executor, therefore, is directed to execute an authorization, which will permit the contestant to obtain copies of decedent’s Social Security checks for the period September, 1976 through and including April, 1978, as well as other pertinent information concerning decedent’s Social Security income for the same period.
The cost of any reproduction of checks or records to be borne by the contestant.